UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ILONA SHAMIS,

                            Plaintiff,                        Docket No.:

       -against-                                <u>COMPLAINT</u>

SOLIL MANAGEMENT, LLC, and            **JURY TRIAL DEMANDED**
JANE GOLDMAN, individually and as Officer
of SOLIL MANAGEMENT, LLC,
JOHN DOE 1-5, and
DOE CORPORATIONS 1-5,

                            Defendants.

------------------------------------------------------------------X

       Plaintiff ILONA SHAMIS (hereinafter "Plaintiff"), by and through her attorneys KOVEL LAW PLLC, hereby allege violations of Federal and State wage and hour laws pertaining to unpaid wages, and wage statement requirements, as against SOLIL MANAGEMENT, LLC, and JANE GOLDMAN, individually and as Officer of SOLIL MANAGEMENT, LLC, JOHN DOE 1-5, and DOE CORPORATIONS 1-5, (collectively referred to as "Defendants") as follows:

## <u>INTRODUCTION</u>

      1.    This civil action arises from Defendants' willful failure to promptly pay wages to their employee, Plaintiff Ilona Shamis ("Shamis"), in violation of the FLSA and NYLL and which wages remain unpaid to this day, as well as Defendants' willful failure to provide Shamis with the required notice pursuant to the Wage Theft Prevention Act of the New York State Labor Law ("NYLL"), NYLL §195(3).

2.     Defendants' committed these intentional and willful acts in violation of Plaintiffs' rights guaranteed to her by: (i) the wage provisions of the Fair Labor Standards Act, 29 U.S.C. §206(b) ("FLSA"), including but not limited to its "prompt payment" requirement; (ii) the wage provisions of NYLL §160; (iii) the New York Wage Theft Prevention Act, NYLL §195(3); and (iv) any other claim(s) that can be inferred from the facts set forth herein.

3.     Plaintiffs allege, pursuant to the FLSA, that she is entitled to recover (1) back pay and other compensatory damages, (2) liquidated damages or punitive damages, (3) attorney's fees and costs, and (4) interest.

4.     Plaintiffs allege, pursuant to the NYLL, that she is entitled to recover (1) back pay and other compensatory damages, (2) liquidated damages or punitive damages, (3) attorney's fees and costs, and (4) interest.

**PARTIES**

5.     At all times hereinafter mentioned, Plaintiff Ilona Shamis ("Shamis") is an individual and resides in the State of New York, County of Richmond.

6.     Defendant Solil Management, LLC ("Solil") was and is a for-profit corporation organized under the laws of the State of New York and maintains its principal address at 1185 Sixth Avenue, 10th Floor, in New York County, State of New York, where Shamis performed her duties.

7.     Upon information and belief, Solil is owned and operated by Defendant Jane Goldman ("Goldman") an individual who, upon information and belief, is otherwise servable at 1185 Sixth Avenue, 10th Floor in New York County, State of New York.

8.     Solil was Shamis' employer within the meaning of the FLSA and NYLL.

9.     Goldman was Shamis' employer within the meaning of the FLSA and NYLL and Solil and Goldman are collectively herein referred to as "Defendants" or "Solil Defendants."

10.     The John Doe and Doe Corporation Defendants are named herein as fictitious entities, as they are currently unknown (if they exist at all) and are other people or entities that may be liable to Plaintiff for the injuries set forth in this complaint and to which an amended complaint may be necessary.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this matter involves violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (FLSA).

12.     As to the claims under New York State law, this Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367.

13.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 (b) and (c) because Defendants conduct business in this judicial district and some, or all, of the acts or omissions that give rise to Plaintiff's claims occurred in this judicial district.

## STATEMENT OF FACTS

14.     Defendant Solil is a residential real estate and property management company located in New York county.

15.     Solil Defendants are an enterprise engaged in commerce as set forth under the FLSA and, upon information and belief, with annual gross sales in excess of $500,000.00.

16.     Beginning on March 18, 2019, and at all times relevant thereafter, Shamis was employed by Solil Defendants as an Accountant and was paid an annual salary of $105,000, which was paid weekly through payroll payments made at the end of the subsequent workweek.

17.    Upon information and belief, Plaintiff did not receive a wage notice from Defendants, as required by the Wage Theft Prevention Act of the New York Labor Law.

18.    On or about Friday, June 12, 2020, Shamis received a paycheck from Defendants for services rendered over the previous workweek, Monday through Friday, June 1 through June 5, 2020.

19.    By the time Shamis received her paycheck on June 12, 2020, she had worked a regular workweek that week, from June 8, 2020 to June 12, 2020 and expected to be paid for those services on the next scheduled pay day, June 19, 2020.

20.    On Monday, June 15, 2020, Shamis resigned from her position as an employee with Defendants and offered Defendants a two-week "notice" period during which time she would continue working for Defendants.

21.    That evening, June 15, 2020, Solil Defendants notified Shamis that she would not be required to work the additional two weeks and instead her employment with Defendants had concluded at the end of that day.

22.    Solil Defendants also requested that Shamis return her assigned laptop computer to their office the following morning.

23.    Shamis did return her assigned laptop computer to Defendants' office the following morning, June 16, 2020 and her employment ended.

24.    On the next scheduled pay day on June 19, 2020, Shamis did not receive payment from Defendants at least for working the week of June 8 through June 12 and the additional days of June 15.

25.    On June 18, 2020, Shamis contacted Solil Defendants by email and requested payment of her wages due.

26.     The Solil Defendants responded that same day by email, at which point Shamis was told that "the entire situation [was] being reviewed by [Solil Defendants'] attorneys and [Solil Defendants] will respond when advised by them." See attached Exhibit A.

27.     Defendants did not respond following their initial communication and did not pay the requested wages.

28.     On July 10, 2020, Shamis again contacted Solil Defendants and demanded payment of her wages.

29.     Defendants ignored her July 10, 2020 communication.

30.     Shamis then retained undersigned attorneys as counsel, who communicated with Defendants by letters sent directly to, upon information and belief, Defendant Goldman's email dated July 21, 2020 and July 29, 2020, which were ignored. See attached Exhibit B.

31.     Solil Defendants willfully utilized Shamis' resignation as an opportunity to steal her wages, as Solil Defendants have not tendered Shamis' wages and have ignored Shamis' ongoing requests for payment to date, which necessitated the instant action.

## FIRST CAUSE OF ACTION (FLSA – WILLFUL FAILURE TO PAY WAGES)
### Against Solil, Goldman

32.     Plaintiff repeats and realleges the facts as set forth in the preceding paragraphs as if set forth in full herein.

33.     Defendants Solil and Goldman violated the FLSA by failing to compensate Plaintiff for all hours worked, as earned in each work week, in violation of 29 U.S.C. §§ 201, et seq.

34.     Specifically, FLSA § 206(b) provides that "[e]very employer shall pay to each of his employees…who in any workweek is engaged in commerce or in the production of goods for commerce…not less than the minimum wage."

35.     Plaintiff worked at least one work week without receiving her regular wages, thus, the minimum and regular wages for that week were not paid for services provided.

36.     Defendants Solil and Goldman violated NYLL by failing to compensate Plaintiff's regular wages within a prompt and timely manner that would be considered reasonable.

37.     The conduct of Solil and Goldman, as described herein, was willful, intentional, unreasonable, arbitrary and in bad faith.

38.     As a result of the conduct of Solil and Goldman, Plaintiff has been harmed and damaged and is entitled to back pay and liquidated damages or punitive damages for all amounts unpaid, as well as her costs and attorney's fees.

## SECOND CAUSE OF ACTION (NYLL VIOLATIONS)
### Against Solil and Goldman

39.     Plaintiff repeats and realleges the facts as set forth in the preceding paragraphs as if set forth in full herein.

40.     Defendants Solil and Goldman violated the NYLL §§ 190, *et seq.* by failing to give proper notice pursuant to the Wage Theft Prevention Act and failing to compensate Plaintiff's regular wages for all hours worked, each work week, on its regularly designated payment date or even within a prompt and timely manner that would be considered reasonable.

41.     Defendants have not paid wages to Plaintiff for more than one work week, and thus payment of her regular wages, as required, were not timely.

42.     Defendants Solil and Goldman's conduct and payroll practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

43.     As a result of the conduct of these defendants, Plaintiff has been harmed and damaged and is entitled to back pay, liquidated damages or punitive damages, costs and attorney's fees for all amounts unpaid.

**WHEREFORE**, Plaintiffs, respectfully requests that the Court enter judgment in her favor and against at least Defendants Solil Management LLC and Jane Goldman, individually, as follows:

A.   An award of compensatory damages equal to all wages owed pursuant to FLSA and NYLL;

B.   An award of liquidated damages or punitive damages pursuant to FLSA;

C.   An award of liquidated damages or punitive damages pursuant to NYLL, including but not limited to NYLL §663(1) for willful violations of NYLL;

D.   An award of attorneys' fees and costs of suit pursuant to FLSA 29 U.S.C §216 and NYLL §§ 198 and 663(4);

E.   An award of pre- and post-judgment interest as provided by law; and

F.   Any such other relief as the Court deems just and reasonable.

## <u>JURY DEMAND</u>

Plaintiff demands a trial by jury on all issues presented herein.

Dated: New York, New York
        August 31, 2020


                                        **KOVEL LAW PLLC**
                                        *Attorneys for Plaintiff*


                                          /s/ Daniel H. Kovel
                                        DANIEL H. KOVEL (DK-0328)
                                        301 East 79th Street, #18A
                                        New York, New York 10075
                                        P: (646) 397-1729

EXHIBIT A

 Gmail                                                    Ilona Shamis <ilonat1124@gmail.com>

---

## Question about resignation

12 messages

---

**Ilona Shamis** <ilonat1124@gmail.com>                              Thu, Jun 18, 2020 at 3:22 PM
To: VivianO@solil.com

Hello,

I gave my 2 weeks resignation Monday night, since I was told to bring my laptop in does this mean I am terminated? What does it mean that you do not accept my resignation? Am I fired? Please clarify.

Also I am owed money for last week and Monday until 4:30 when I submitted the resignation.

I would like to know what to do with health insurance, is there cobra?

Please clarify why my insurance is cancelled as of 6/15 and not at the end of the month?


Please respond today.

Ilona Shamis

---

**Vivian Orellana** <VivianO@solil.com>                              Thu, Jun 18, 2020 at 5:17 PM
To: Ilona Shamis <ilonat1124@gmail.com>

Ilona:

The entire situation is being reviewed by our attorneys and will respond when advised by them.


Thank you




**Vivian Orellana**

**Payroll Administrator**

1185 Sixth Avenue – 10th Floor

New York, NY 10036

212.506.0413 | VivianO@solil.com

www.solil.com

EXHIBIT B



Kovel Law PLLC
Daniel H. Kovel, Esq.
phone: 646.397.1729
e-mail: dkovel@kovel-law.com

_____

July 21, 2020

**Via email janeg@solil.com and jane.goldman@solil.com**

Solil Management, LLC
1185 Sixth Avenue, 10th fl.
New York, New York 10036
Attn: Jane Goldman, Principal

Re:      <u>Ilona Shamis</u>

Dear Ms. Goldman,

My office has been retained by your former employee, Ilona Shamis, to investigate and potentially prosecute a claim regarding unpaid wages and failure to provide the statutory notice required by the New York State Wage Theft Protection Act. To that end, please allow this letter to serve as notice of your obligation to hold and preserve all potentially relevant records and communications.

I welcome an opportunity to speak with your legal representative about this claim and hope that our discussion will lead to an amicable resolution. I can be reached by email and telephone at the contact information above.


Sincerely,

Daniel H. Kovel


cc:      Ms. Ilona Shamis



Kovel Law PLLC
Daniel H. Kovel, Esq.
phone: 646.397.1729
e-mail: dkovel@kovel-law.com

_____

July 29, 2020

**Via email janeg@solil.com and jane.goldman@solil.com**

Solil Management, LLC
1185 Sixth Avenue, 10th fl.
New York, New York 10036
Attn: Jane Goldman, Principal

Re:      Ilona Shamis

Dear Ms. Goldman,

I wrote to you over one week ago, on July 21, 2020, advising that my office has been retained by your former employee, Ilona Shamis, to investigate and potentially prosecute a claim regarding unpaid wages and failure to provide the statutory notice required by the New York State Wage Theft Protection Act. A copy of that letter has been attached here. I have not received a response to my letter to date.

I still welcome an opportunity to speak with your legal representative about this claim and hope that our discussion will lead to an amicable resolution. However, if I do not hear from your representative in the next week, I will be left with no choice but to advise my client about her other remedies. I can be reached by email and telephone at the contact information above.

Sincerely,

Daniel H. Kovel

Enc.
cc:      Ms. Ilona Shamis



Kovel Law PLLC
Daniel H. Kovel, Esq.
phone: 646.397.1729
e-mail: dkovel@kovel-law.com

July 21, 2020

**Via email janeg@solil.com and jane.goldman@solil.com**

Solil Management, LLC
1185 Sixth Avenue, 10th fl.
New York, New York 10036
Attn: Jane Goldman, Principal

Re:      Ilona Shamis

Dear Ms. Goldman,

My office has been retained by your former employee, Ilona Shamis, to investigate and potentially prosecute a claim regarding unpaid wages and failure to provide the statutory notice required by the New York State Wage Theft Protection Act. To that end, please allow this letter to serve as notice of your obligation to hold and preserve all potentially relevant records and communications.

I welcome an opportunity to speak with your legal representative about this claim and hope that our discussion will lead to an amicable resolution. I can be reached by email and telephone at the contact information above.

Sincerely,

Daniel H. Kovel

cc:      Ms. Ilona Shamis