## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ILONA SHAMIS,<br><br>    Plaintiff,<br><br>         -against-<br><br>SOLIL MANAGEMENT, LLC and JANE GOLDMAN, individually and as Officer of SOLIL MANAGEMENT, LLC, JOHN DOE 1-5, and DOE CORPORATIONS 1-5,<br><br>    Defendants. | Civ. A. No.: 1:20-cv-07064<br><br>**ANSWER AND COUNTERCLAIM** |

Defendants, Solil Management, LLC ("Solil") and Jane Goldman ("Goldman"), individually and as Officer of Solil Management, LLC (collectively, "Defendants"), for their Answer to Plaintiff's, Ilona Shamis' ("Plaintiff"), Complaint, state as follows:

### INTRODUCTION

1.      The allegations in paragraph 1 purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations.

2.      Denied.

3.      Denied.

4.      Denied.

### PARTIES

5.      Admitted.

6.      Admitted that Solil is a for-profit corporation organized under New York State law with a principal address of 1185 Sixth Avenue, 10th Floor, New York, New York and that Plaintiff was an employee of Solil.  The remaining allegations are denied as stated.

7.       Admitted.

8.       The allegations in paragraph 8 purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations.

9.       The allegations in paragraph 9 purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations.

10.       Defendants do not have sufficient information to either admit or deny the allegations set forth in this paragraph and, accordingly, leave Plaintiff to her proofs.

## JURISDICTION AND VENUE

11.       The allegations in paragraph 11 purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations.

12.       The allegations in paragraph 12 purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations.

13.       The allegations in paragraph 13 purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations.

## STATEMENT OF FACTS

14.       Denied.

15.       Admitted that Defendants are engaged in commerce.  The remaining allegations purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations.

16.       Admitted that Plaintiff commenced her employment as an accountant with Solil on March 18, 2019 and earned gross pay of $2,019.24 per week.  The remaining allegations are denied as stated.

17.       Denied.

18.     Admitted that Plaintiff received a paycheck on or around June 12, 2020 but denied that Plaintiff had rightfully earned the pay contained therein.

19.     Denied.

20.     Admitted.

21.     Admitted.

22.     Admitted.

23.     Admitted.

24.     Admitted that Plaintiff did not receive a paycheck on June 19, 2020 but denied that Plaintiff was entitled to any pay on that date.

25.     Admitted that Plaintiff contacted Solil by email.  To the extent that the allegations of paragraph 25 are intended in any way to allege liability on the part of Defendants to Plaintiff, the allegations are denied.

26.     Admitted.

27.     Paragraph 27 is vague and Defendants do not have sufficient information to either admit or deny and, accordingly, leave Plaintiff to her proofs.  To the extent that the allegations of Paragraph 27 of are intended in any way to allege liability on the part of Defendants to Plaintiff, the allegations are denied.

28.     Paragraph 28 is vague and Defendants do not have sufficient information to either admit or deny the allegations set forth in this paragraph and, accordingly, leave Plaintiff to her proofs.  To the extent that the allegations of Paragraph 28 of are intended in any way to allege liability on the part of Defendants to Plaintiff, the allegations are denied.

29.     Defendants do not have sufficient information to either admit or deny the allegations set forth in this paragraph and, accordingly, leave Plaintiff to her proofs.  To the extent

that the allegations of Paragraph 29 of are intended in any way to allege liability on the part of Defendants to Plaintiff, the allegations are denied.

30.     Denied.

31.     Denied.

## FIRST CAUSE OF ACTION (FLSA-WILLFUL FAILURE TO PAY WAGES)
### Against Solil, Goldman

32.     Defendants restate their responses to each of the foregoing paragraphs as if set forth at length herein.

33.     Denied.

34.     Paragraph 34 states legal conclusions to which no response is required.  However, to the extent that the allegations of Paragraph 34 are intended in any way to allege liability on the part of Defendants to Plaintiff, the allegations are denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

**WHEREFORE**, Defendants demand (i) that the Complaint, and each and every claim for relief therein be dismissed in its entirety and with prejudice, (ii) that Defendants be awarded their reasonable costs, fees, and disbursements to the extent available by law, and (iii) such other and further relief as this Court deems fair and equitable.

## SECOND CAUSE OF ACTION (NYLL VIOLATIONS)
### Against Solil, Goldman

39.     Defendants restate their responses to each of the foregoing paragraphs as if set forth at length herein.

4

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

**WHEREFORE**, Defendants demand (i) that the Complaint, and each and every claim for relief therein be dismissed in its entirety and with prejudice, (ii) that Defendants be awarded their reasonable costs, fees, and disbursements to the extent available by law, and (iii) such other and further relief as this Court deems fair and equitable.

<u>**AFFIRMATIVE DEFENSES**</u>

<u>**First Affirmative Defense**</u>

The Complaint fails to state a claim upon which relief may be granted.

<u>**Second Affirmative Defense**</u>

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

<u>**Third Affirmative Defense**</u>

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

<u>**Fourth Affirmative Defense**</u>

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

<u>**Fifth Affirmative Defense**</u>

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

<u>**Sixth Affirmative Defense**</u>

Plaintiff's claims are barred, in whole or in part, by Plaintiff's lack of standing.

<u>**Seventh Affirmative Defense**</u>

Plaintiff's claims barred, in whole or in part, by accord and satisfaction.

**Eighth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by the contributory and comparative negligence of Plaintiff and others.

**Ninth Affirmative Defense**

Plaintiff's claims are barred for failure to join necessary and indispensable parties pursuant to Fed. R. Civ. P. 19.

**Tenth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by its failure to mitigate injury and its failure to mitigate damages.

**Eleventh Affirmative Defense**

Plaintiff's claimed damages are too remote and speculative to form the basis for relief.

**Twelfth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrine of contribution or indemnity.

**Thirteenth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, as Plaintiff is not the real party in interest.

**Fourteenth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by payment.

**Fifteenth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by Defendants' good faith.

**Reservation Of Additional Defenses**

Defendants reserve the right to amend these affirmative defenses and to allege further affirmative defenses as appropriate.

**WHEREFORE**, Defendants demand (i) that the Complaint, and each and every claim for relief therein be dismissed in its entirety and with prejudice, (ii) that Defendants be awarded their reasonable costs, fees, and disbursements to the extent available by law, and (iii) such other and further relief as this Court deems fair and equitable.

**COUNTERCLAIM COMPLAINT**

**PARTIES**

1.      Defendant/Counterclaim Plaintiff Solil Management, LLC ("Solil") is a limited liability company organized under the laws of the State of New York, with its principal place of business at 1185 Sixth Avenue, New York, New York 10036.

2.      Defendant/Counterclaim Plaintiff Jane Goldman ("Goldman") is a principal of Solil Management, LLC.

3.      Plaintiff/Counterclaim Defendant Ilona Shamis ("Plaintiff") is an individual residing in New York, New York.

**FACTUAL ALLEGATIONS**

4.      Plaintiff commenced employment as an accountant with Solil on March 18, 2019.

5.      By Executive Order No. 202, dated January 30, 2020, Governor Cuomo declared a state of emergency in New York as a result of the COVID-19 pandemic.

6.      Then, by Executive Order No. 202.6, dated March 18, 2020, Governor Cuomo ordered all businesses to "utilize, to the maximum extent possible, any  telecommuting or work from home procedures that they can safely utilize" and to "reduce the in-person workforce at any work locations by 50% no later than March 20 at 8 p.m."

7.      As a result, beginning on or around March 20, 2020, Plaintiff was instructed to work from home in accordance with the Governor's Executive Order.

8.      Despite being assigned to work from home, Plaintiff was required to continue to perform all the same job duties as she had done for the past year.

9.      Plaintiff was required to work a 40-hour work week.

10.     Plaintiff submitted a letter of resignation by email, dated June 15, 2020.

11.     Between March 20, 2020 and June 15, 2020, Plaintiff should have been performing her duties during her normal working hours.

12.     However, Plaintiff performed extremely limited work during this time and generated almost no work product.

13.     During this three-month period, Plaintiff falsely reported the amount of work she was performing in order to receive payment for time she was not actually working.

14.     Defendants reasonably relied upon Plaintiff's false representation of work performed and hours worked to determine Plaintiff's entitlement to pay.

15.     As a result of Plaintiff falsely reporting that she was working her required hours from home and performing her normal job duties, she was compensated by Defendants for the work she falsely reported but did not actually perform.

## COUNT I
### (Fraud)

16.     Defendants/Counterclaim Plaintiffs repeat and restate each of the allegations contained in the previous paragraphs as if set forth at length herein.

17.     In order to induce Defendants to pay Plaintiff for work she did not actually perform, Plaintiff knowingly and fraudulently misrepresented the amount of work she was performing while working from home pursuant to Governor Cuomo's Executive Order.

18.     In order to induce Defendants to retain Plaintiff to perform her job duties from home during the COVID-19 pandemic, Plaintiff knowingly and fraudulently misrepresented the amount and nature of the work she was performing at home.

19.     Plaintiff knew or should have known her representations included false information.

20.     Plaintiff intended for Defendants to rely on such material misrepresentations in order to induce Defendants to pay Plaintiff for work she did not perform.

21.     Defendants reasonably relied on Plaintiff's misrepresentations to their detriment by paying Plaintiff for that she did not actually perform.

22.     As a direct and proximate result of Plaintiff's fraudulent conduct, Defendants have been harmed and damaged and seek recovery for overpaid wages to Plaintiff in an amount to be determined at trial, punitive damages, reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as the Court deems just and proper.

### COUNT II
**(Negligent Misrepresentation)**

23.     Defendants/Counterclaim Plaintiffs repeat and restate each of the allegations contained in the previous paragraphs as if set forth at length herein.

24.     While Defendants believe that there is conclusive evidence of fraud, Plaintiff's conduct, at the very least, arises to negligent misrepresentation as Plaintiff negligently provided false information to Defendants, upon which information Defendants reasonably relied.

25.     Plaintiff knew or should have known these representations included negligent misrepresentations.

26.     As a direct and proximate result of Plaintiff's negligent misrepresentations, Defendants have been harmed and damaged and seek recovery for overpaid wages in an amount

to be determined at trial, punitive damages, reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as the Court deems just and proper.

### COUNT III
**(Unjust Enrichment)**

27.     Defendants/Counterclaim Plaintiffs repeat and restate each of the allegations contained in the previous paragraphs as if set forth at length herein.

28.     Plaintiff has received a benefit from the unearned wages received from Defendants between March and June 2020.

29.     It is unjust to permit Plaintiff to retain the unearned compensation paid to her by Defendants.

30.     As a direct and proximate result of Plaintiff's conduct, Defendants have been harmed and damaged and seek recovery for overpaid wages in an amount to be determined at trial, punitive damages, reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as the Court deems just and proper.

### COUNT IV
**(Conversion)**

31.     Defendants/Counterclaim Plaintiffs repeat and restate each of the allegations contained in the previous paragraphs as if set forth at length herein.

32.     Plaintiff received payment from Defendant for work she did not perform.

33.     As a result of these actions, Plaintiff obtained income and other contributions from Defendants to which she was not entitled.

34.     Plaintiff thus appropriated funds for her own benefit which rightly belonged to Defendants against the rightful claim by Defendants.

35.     Plaintiff wrongly converted the funds of Plaintiff to her own possession.

36.     As a direct and proximate result of Plaintiff's conduct, Defendants have been harmed and damaged and seek recovery for overpaid wages in an amount to be determined at trial, punitive damages, reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as the Court deems just and proper.

**WHEREFORE**, Defendants demand (i) an Order and Judgment granting the relief sought in the Counterclaim Complaint asserted herein, (iii) that Defendants be awarded their reasonable costs, fees, and interest to the extent available by law, and (iii) such other and further relief as this Court deems fair and equitable.

Dated:  Woodland Park, New Jersey
           December 7, 2020

ANSELL GRIMM & AARON, P.C.

By:  _s/ Joshua S. Bauchner_____
       Joshua S. Bauchner, Esq.
       Ashley V. Whitney, Esq.
       365 Rifle Camp Road
       Woodland Park, New Jersey 07424
       (973) 247-9000
       (973) 247-9199 facsimile
       jb@ansellgrimm.com
       *Attorneys for Defendants/*
       *Counterclaim Plaintiffs*

## JURY DEMAND

Defendants/Counterclaim Plaintiffs request a trial by jury of all issues in this case.

Dated:  Woodland Park, New Jersey
           December 7, 2020

ANSELL GRIMM & AARON, P.C.

By:  _s/ Joshua S. Bauchner_____
       Joshua S. Bauchner, Esq.
       Ashley V. Whitney, Esq.
       365 Rifle Camp Road
       Woodland Park, New Jersey 07424
       (973) 247-9000
       (973) 247-9199 facsimile
       jb@ansellgrimm.com
       *Attorneys for Defendants/*
       *Counterclaim Plaintiffs*