**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ILONA SHAMIS,

               Plaintiff,

    v.

SOLIL MANAGEMENT, LLC, and JANE
GOLDMAN, individually and as officer of
SOLIL MANAGEMENT LLC, JOHN
DOE 1-5, DOE CORPORATIONS 1-5,

           Defendants.

**No. 20-cv-7064-VSB**

---

**PLAINTIFF'S MEMORANDUM OF LAW IN REPLY TO DEFENDANTS'**
**OPPOSITION TO MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS AND IN**
**OPPOSITION TO DEFENDANTS' MOTION TO AMEND THEIR PLEADINGS**

KOVEL LAW PLLC
Daniel H. Kovel
301 East 79th Street, #18A
New York, New York 10075
Tel: (646) 397-17217

*Attorneys for Plaintiff*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................ii-iii

PRELIMINARY STATEMENT ............................................................................1

FACTUAL SUMMARY ........................................................................................2

ARGUMENT ..........................................................................................................2

    I.      Defendants' Amended Answer and Counterclaims Was Not Timely Filed
            Pursuant to FRCP 15(a)(1)(B).....................................................................2

    II.     This Court Should Dismiss All of Defendants' Counterclaims Regardless of the
            Timeliness of the Filing of Defendants' Amended Answer.................................3

          A.     Rules 12(b)(6) and 9(b)..............................................................4

          B.     Rule 15(a)……………………………………………….........................6

    III.    Defendants Counterclaims Do Not State a Cause of Action and Any Proposed
            Amendments are Futile ……………………………..............................................6

          A.     All of Defendants' Counterclaims are Rooted in an Allegation of Fraud
                or Mistake but Fail to State a Cause of Action as Required by FRCP
                9(b)........................................................................................7

                a.   Defendants fail to allege Fraud ……..……………..........................9

                b.   Defendants fail to allege Fraud by Omission ……...........................11

                c.   Defendants fail to allege Negligent Misrepresentation.....................13

                d.   Defendants fail to allege Breach of Contract ……...………..............13

                e.   Defendants fail to allege Unjust Enrichment or Conversion ……......14

          B.     To the Extent Any of Defendants' Counterclaims Not Purport an Alleged
                Fraud, those Counterclaims Should Be Dismissed and Rendered Futile as
                Unlawful Wage Deductions Under New York Labor Law Section 193...15

    CONCLUSION ...........................................................................................18

## TABLE OF AUTHORITIES

**Cases**

*Anschutz Corp. v. Merrill Lynch & Co., Inc.,*
  690 F.3d 98, 108 (2d Cir. 2012) ................................................................. 5
*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ........................................................................ 4
*Bullard v. Drug Policy All.,*
  2019 U.S. Dist. LEXIS 222854 (S.D.N.Y. 2019) ........................................ 11-12
*Cohen v. Stephen Wise Free Synagogue,*
  1996 U.S. Dist. LEXIS 4240, 1996 WL 159096 (S.D.N.Y. April 4, 1996) ............... 16-17
*In re Crysen/Montenay Energy Co.,*
  226 F.3d 160 (2d Cir. 2000) ............................................................ 3
*DeBlasio v. Merrill Lynch & Co.,*
  2009 U.S. Dist. LEXIS 64848, 2009 WL 2242605 (S.D.N.Y. 2009) ....................... 5
*Finkel v. Lite Tron Ltd.,*
  2010 U.S. Dist. LEXIS 115385, 2010 WL 4392723 (E.D.N.Y. 2010) ..................... 10
*Gortat v. Capala Bros., Inc.,*
  585 F. Supp. 2d 372 (E.D.N.Y. 2008) ................................................ 16-17
*In re Harbinger Capital Partners Funds Inv'r Litig.,*
  2015 U.S. Dist. LEXIS 40516, 2015 WL 1439520 (S.D.N.Y. 2015) ..................... 5, 11
*L-7 Designs, Inc. v. Old Navy, LLC,*
  647 F.3d 419, 430 (2d Cir. 2011) ...................................................... 4
*Moore v. New York Concrete Corp.,*
  2019 U.S. Dist. LEXIS 12419 (S.D.N.Y. 2019) ......................................... 10
*Nowicki v. Toll Brothers, Inc.,*
  2012 U.S. Dist. LEXIS 887, 2012 WL 14258  (E.D.N.Y. 2012) ........................... 18
*Pettaway v. Nat'l Recovery Sols., LLC,*
  955 F.3d 299 (2d Cir. 2020), .......................................................... 3-4
*Pharr v. Evergreen Garden, Inc.*
  123 Fed. App'x 420, 425 (2d Cir. 2005) ................................................ 6
*Rubio v. BSDB Mgmt.*
  2021 U.S. Dist. LEXIS 5588 at *11 (S.D.N.Y. 2021) ............................. *passim*
*Rombach v. Chang*
  355 F.3d 164 (2d Cir. 2004) ............................................................ 5
*Sec. & Exch. Comm'n v. Botvinnik,*
  2019 WL 4738900 (S.D.N.Y. Sept. 29, 2019) ............................................. 5
*Syncora Guar. Inc. v. Alinda Capital Partners LLC,*
  2013 N.Y. Misc. LEXIS 2943 (N.Y. Sup. Ct. N.Y. Cty. 2013) ......................... 11-12
*In re Ultrafem Inc. Sec. Litig.,*
  91 F. Supp. 2d 678 (S.D.N.Y. 2000) .................................................... 5

**Statutes**

12 NYCRR § 190-5.1 ................................................................................................. 15-16
NYLL§193 ................................................................................................................. 15-16

**Rules**

Fed. R. Civ. P. 15(a) .................................................................................... *passim*
Fed. R. Civ. P. 9(b) ..................................................................................... *passim*
Fed. R. Civ. P. 12(b)(6) ........................................................................................... 4

## PRELIMINARY STATEMENT

Plaintiff/Counterclaim Defendant Ilona Shamis ("Plaintiff" or "Shamis") respectfully submits this memorandum of law in further support of her motion to dismiss the counterclaims of Defendants Solil Management, LLC, and Jane Goldman (collectively, "Defendants") and in opposition to Defendants' motion to amend their answer and counterclaims.

It appears that Defendants now realize that they fatally failed to plead the initial four (4) counterclaims asserted in their answer because they now seek an opportunity to amend their pleadings. Defendants also seek the opportunity to assert two (2) new and additional counterclaims, even though the factual and legal basis for all their counterclaims is entirely without merit. To permit Defendants the opportunity to seek their remedies on these counterclaims would run counter to every facet and purpose behind the wage and hour laws. Defendants were entitled to retain Plaintiff's experience and services as an accountant for any amount of current work, or for the mere possibility of future work. Even assuming the truth of the allegations asserted, that is what Defendants chose to do with Plaintiff for the last three months of her employment relationship, until she found another career opportunity. Defendants were also entitled to lay off Plaintiff when work dried up or was not getting done. Tellingly, that is not what happened with Plaintiff, but if Defendants terminated Plaintiff, they would still be responsible for paying Plaintiff's salary until the time she was let go. These are axiomatic and foundational truths of the employment laws and foundational counseling for every employer that retains the services of professionals in our field.

However, that is not what Defendants are choosing to do here. Instead, rather than pay Plaintiff her final paycheck, Defendants appear ready to weaponize this action and drag Plaintiff's good name through mud.  As such, Plaintiff respectfully requests that this Court protect her by

granting Plaintiff's motion dismissing Defendants' counterclaims and deny Defendants' motion to amend.

## FACTUAL SUMMARY

The initial allegations are more fully set forth in the complaint (ECF No. 1) and Defendants' answer (ECF No. 13). Defendants' proposed amendment to their allegations and additional counterclaims are more fully set forth in their Proposed Amended Answer (ECF. No. 23).

For reference purposes, Plaintiff's memorandum of law in support of her motion to dismiss Defendants' counterclaims (ECF No. 20) will be referenced here as "P's MOL" and Defendant's memorandum of law in support of their motion to amend their answer and in opposition to Plaintiff's motion to dismiss (ECF No. 26-1) will be referred to as "Ds' MOL."

## LEGAL ARGUMENT

## I.  Defendants' Amended Answer and Counterclaims Was Not Timely Filed Pursuant to FRCP 15(a)(1)(B)

Defendants failed to timely file an amended answer, before time expired on March 2, 2021, and Defendants did not have consent for an extension to amend their pleadings from this Court or from Plaintiff before filing a late amended answer on March 16, 2021. Defendants characterize Plaintiff as having "withdrawn" her consent to amend their answer, but that is inaccurate. Plaintiff cannot withdraw consent that Defendants did not request, and Defendants did not ask Plaintiff or this Court for consent to amend their pleadings. (*See* Ds' MOL p. 16.) Even though Plaintiff's counsel regularly consents to amending pleadings, had Defendants requested consent from Plaintiff to amend their pleadings here, Plaintiff would not have consented. This is primarily

because the proposed amendments are futile and still entirely fail to state a cause of action. In this regard, the counterclaims do not exist as a matter of law and/or the facts necessary to support them simply do not exist. Moreover, as Plaintiff also explained in P's MOL, the counterclaims strongly appear to be retaliatory in nature and remain the biggest obstacle to settlement during the recently concluded mediation. Thus, discontinuing the counterclaims would have been the responsible thing for Defendants to do, but in the alternative, a ruling on the counterclaims sooner rather than later is in the best interest of the parties and the Court.

Additionally, Defendants offer no legal basis to support their belief "that an extension would encompass both deadlines [to respond to Plaintiff's motion to dismiss and to amend their answer] allowing them to determine the most efficient course of action in responding to Plaintiff's Motion." (*See* Ds' MOL p.9). As such, Defendants failed to timely amend their pleadings as of right and the question of whether Defendants have demonstrated an alternative basis to amend their pleadings is properly before this Court now.

## II. This Court Should Dismiss All of Defendants' Counterclaims Regardless of the Timeliness of the Filing of Defendants' Amended Answer

Although amended pleadings, when properly and timely filed, "ordinarily supersedes the original and renders it of no legal effect," *In re Crysen/Montenay Energy Co.,* 226 F.3d 160, 162 (2d Cir. 2000), "this rule does not, however, dictate that a pending motion to dismiss is automatically rendered moot when a complaint is amended." *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303 (2d Cir. 2020). When faced with an amended complaint pending a motion to dismiss, a "district court has the option of either denying the pending motion as moot or evaluating the motion in light of the facts alleged in the amended complaint" *Id.* at 303-04. The second option is especially useful when evaluating the motion "promotes judicial economy by

obviating the need for multiple rounds of briefing addressing complaints that are legally insufficient." *Id.*

As such, this Court has flexibility to address all the issues presented by Defendants' meritless counterclaims, both procedural and on the merits, regardless of whether Defendants amended their answer as of right or were required to request leave to amend. In the interest of judicial economy, Plaintiff respectfully requests that this Court reject all of Defendants' initial counterclaims and proposed amendments (and additional counterclaims) on timeliness grounds, the merits and whatever other grounds as this Court deem just and proper. It appears that Defendants also argue for judicial economy, and therefore should not oppose the Court considering whether to dismiss all of their counterclaims and proposed amendments now. (*See* Ds' MOL p.9.)

### A. Rules 12(b)(6) and 9(b)

The standard for dismissal under Federal Rule of Civil Procedure 12(b)(6) demands that a proponent of a cause of action demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy*, LLC, 647 F.3d 419, 430 (2d Cir. 2011). Defendants have not met their burden here on any of these counterclaims.

If Defendants cannot meet their burden under the lower standard of pleading of FRCP 12(b)(6), they certainly did not meet the heightened pleading standard of FRCP 9(b), which is the only pleading standard for considering all of Defendants' proposed amended counterclaims. FRCP 9(b) is implicated by allegations of intentional fraud and "all averments of fraud or mistake,

whatever may be the theory of legal duty—statutory, common law, tort, contractual, or fiduciary." *In re Harbinger Capital Partners Funds Inv'r Litig.,* 2015 U.S. Dist. LEXIS 40516, 2015 WL 1439520, at *10 (S.D.N.Y. Mar. 30, 2015); *see also Rubio v. BSDB Mgmt.*, 2021 U.S. Dist. LEXIS 5588 at *11 (S.D.N.Y. 2021)(finding that the heightened pleading requirement of FRCP 9(b) applied where "gravamen of Defendants' counterclaim is Plaintiff's alleged fraudulent misrepresentations regarding hours worked"); *Rombach v. Chang*, 355 F.3d 164, 172 (2d Cir. 2004) (applying Rule 9(b) when "wording and imputations of the complaint are classically associated with fraud"). A claim is based on allegations of fraud, regardless of how it is titled, when it involves allegations of "misrepresentations and omissions made with intent to defraud." *DeBlasio v. Merrill Lynch & Co.*, No. 07-cv-318 (RJS), 2009 U.S. Dist. LEXIS 64848, 2009 WL 2242605, at *10 (S.D.N.Y. July 27, 2009) (*quoting In re Ultrafem Inc. Sec. Litig.,* 91 F. Supp. 2d 678, 691 (S.D.N.Y. 2000)).

As previously stated, under Rule 9(b), when a pleading alleges a negligent or fraudulent misrepresentation, the pleading must "'(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" *Sec. & Exch. Comm'n v. Botvinnik*, No. 18-CV-8182 (VSB), 2019 WL 4738900, at 2 (S.D. N.Y. Sept. 29, 2019) (*quoting Anschutz Corp. v. Merrill Lynch & Co., Inc.*, 690 F.3d 98, 108 (2d Cir. 2012)).

Therefore, all of the counterclaims in Defendants' proposed Amended Answer are to be scrutinized using the heightened pleading requirements of FRCP 9(b) and none of the counterclaims meet this high threshold, nor can they. Defendants cannot even clear the threshold requirement to specify the statements made by Plaintiff that they contend were fraudulent. Even if Defendants are found to have pieced together a showing for what constitutes the statement made

by Plaintiff, they certainly failed to demonstrate any other specifics regarding the statements and why the statement was fraudulent. As a result, Plaintiff's motion to dismiss all of Defendants' counterclaims should be granted.

### B. Rule 15(a)

FRCP 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires," and Courts permit amendment when "(1) the party seeking the amendment has not unduly delayed, (2) when that party is not acting in bad faith or with a dilatory motive, (3) when the opposing party will not be unduly prejudiced by the amendment, and (4) when the amendment is not futile." *Rubio v. BDSM Management*, 2021 U.S. Dist. LEXIS 5588 at *5-6 (S.D.N.Y. 2021). "A party that has failed to state a claim should generally be afforded an opportunity to amend its complaint or counterclaim, but leave to amend need not be granted if an amended complaint or counterclaim would also fail to state a claim." *Gortat v. Capala Bros.*, 585 F. Supp. 2d 372, 377 (E.D.N.Y. 2008), (*citing Pharr v. Evergreen Garden, Inc.*, 123 Fed. App'x 420, 425 (2d Cir. 2005), aff'd, 568 F. App'x 78 (2d Cir. 2014)).

## III. Defendants Counterclaims Do Not State a Cause of Action and Any Proposed Amendments are Futile

Defendants' counterclaims fail to state a cause of action and this Court should dismiss all of them. Even as amended, the counterclaims are futile and render the proposed amendments futile. In their proposed amended allegations, Defendants offer threadbare factual allegations and unsupported legal conclusions, without satisfying the heightened pleading requirements of FRCP 9(b), which is the only pleading standard at issue for all of these counterclaims. Additionally, as alleged, to the extent any of Defendants' counterclaims do not allege fraud, those counterclaims constitute unlawful wage deductions because they amount to nothing more than an employer

requesting to be refunded after alleging that an employee had not done sufficient work. As such, Defendants' counterclaims should be dismissed pursuant to FRCP 12(b)(6) and 9(b) and Defendants should not be permitted to amend the counterclaims as proposed, pursuant to FRCP 15(a), because the proposed amendments are futile.

**A. All of Defendants' Counterclaims are Rooted in an Allegation of Fraud or Mistake, but Fail to State a Cause of Action as Required by FRCP 9(b)**

By attempting to amend and add additional allegations in their Proposed Amended Answer and Counterclaims, it has become clear that Defendants realize that the factual and legal basis supporting the counterclaims in their initial answer are fatally defective. They now have conjured up every last-ditch effort to find a counterclaim that will stick. Plaintiff is left unpacking a litany of new conclusory legal terms about the final three months of her employment with Defendants. She is accused of engaging in "misrepresentation," "false conveyance," "breach" of an "express agreement," "falsely misrepresent[ing]", "negligently misrepresenting", "intentionally conceal[ing]", and a "failure to perform." Defendants assert a panoply of counterclaims, arguing Plaintiff had committed no less than breach of contract, fraud, fraud by omission, and negligent misrepresentation. As a result, according to Defendants, by paying Plaintiff her regular salary during the final three-month period of her employment except for her final paycheck, Defendants further allege that Plaintiff was unjustly enriched or committed conversion.

Defendants do not and cannot allege a factual basis for any of these causes of action. In fact, the allegations are entirely threadbare on actionable statements. Even after having an opportunity to propose amended allegations, Defendants still fatally fail to allege a single misleading (or false) statement made by Plaintiff to Defendants. Defendants do not allege any statement that constitutes a negligent or intentional misrepresentation on the part of Plaintiff.

Defendants fail to properly allege a single statement by Plaintiff that constitutes breach of a term of any purported contract. This is highlighted by the fact that in their proposed amended answer, Defendants spend six (6) consecutive paragraphs of the factual allegations in support of their counterclaims discussing all the requirements Plaintiff allegedly incurred by working for Defendants during the pandemic. (See Proposed Amended Answer ¶¶8-13.) The very next Paragraph of Defendants' proposed Amended Answer does not offer any statement which violates any of these requirements. Paragraph 14 alleges only that Plaintiff tendered her two-week written notice.

In attempt to incorrectly circumvent their fatal lack of factual allegations that demonstrate any of their counterclaims, Defendants try to create an aura of wrongdoing by stating that, after Plaintiff found another job, Defendants determined that Plaintiff committed these counterclaims by reporting to work (through logging onto their virtual computer network), but on some unknown number of occasions allegedly failed to send work emails during the day. See, e.g., Proposed Amended Answer at ¶¶17-18. Defendants do not even bother to explain how logging onto their internal computer network can be both a requirement of continued employment and the central act for their counterclaims. Compare Proposed Amended Answer at ¶¶10-12 with ¶¶17-18. Defendants do not bother to explain how, even as alleged, Plaintiff is not working even when work emails are not allegedly sent. That is because their arguments are entirely meritless.

Defendants further fail to demonstrate their conclusory allegation that, as Defendants' employee, "Plaintiff held a relationship of trust and confidence that required Plaintiff to truthfully and accurately disclose to Defendants the work that she was performing." Proposed Amended Answer ¶20. There is no basis in statute, or a duty at common law, that requires every employee to disclose the actual work that they are performing. Defendants do not cite to contractual language

8

that obligates Plaintiff to disclose the actual work that she is performing. None exists. However, even assuming the truth of Defendants' purported requirement that Plaintiff accurately (or even truthfully) disclose the work that she was performing, Defendants do not demonstrate how Plaintiff failed to truthfully and accurately disclose the work that she was performing. In fact, if Plaintiff was doing next-to-nothing as Defendants would have this Court believe, and literally no emails exist between other employees and Plaintiff as Defendants describe, then Plaintiff was not hiding anything. Anyone in management with a pulse would theoretically have been able to quickly identify that Plaintiff had not sent an email during a day when one was required.

Defendants only seek to amend their counterclaims that have no basis in law or fact to chill Plaintiff from continuing her pursuit of a paycheck that Defendants have unlawfully refused to pay. Therefore, Plaintiff respectfully requests that this Court dismiss all of Defendants' counterclaims and reject Defendants' request to amend their counterclaims as futile.

### a. Defendants Fail to Allege Fraud

Defendants' counterclaim for fraud is futile and fails state a cause of action even after considering Defendants' proposed amendments. Defendants agree that a fraud is committed only through an actual statement or statements. It is the very first element of the cause of action, even as plead by Defendants on p.20 of Ds' MOL.

Defendants wholly failed to meet their burden. Defendants fail to allege any specific statements made by Plaintiff, false or otherwise. In response to Plaintiff's motion to dismiss and in support of their motion to amend, Defendants only point to their allegation that Plaintiff "knowingly and fraudulently logged onto their network with the intention of conveying that she was performing her full-time work duties during her regular work schedule even though she was not, and thus mis-represented the amount and nature of the work she was performing while

9

working at home." (D's Proposed Amended Answer ¶18). This conclusory allegation fails to state a cause of action for fraud. By their own words, at best Defendants describe Plaintiff as having the "intention" to misreport the amount and nature of the work she was performing. That is because Defendants fail to allege what Plaintiff said that constitutes fraud, nor can they. Giving Defendants every benefit of their pleadings, Defendants only allege Plaintiff showed up to her virtual workplace and left her virtual workplace at the end of the workday and on a number of occasions did not send any work emails. This is fatally deficient.

Defendants' reliance on cases like *Moore v. New York Concrete Corp.* is misplaced. In Moore, the defendants alleged the actual statements made by plaintiffs that were materially misleading to the defendant employer, and further alleged that those materially misleading statements were contained within remittance reports that were submitted by the plaintiffs to the defendant for the alleged purpose of misreporting hours worked, which satisfied Rule 9(b) in pleading an allegation of fraud. *See Moore v. New York Concrete Corp.*, 2019 U.S. Dist. LEXIS 12419, at *23-24 (S.D.N.Y. Jan. 24, 2019) (ruling that submission of misleading remittance reports that did not report work performed by covered employees satisfied the requirements of Rule 9(b)) (*citing Finkel v. Lite Tron Ltd.*, 2010 U.S. Dist. LEXIS 115385, 2010 WL 4392723, at *11-12 (E.D.N.Y. Oct. 29, 2010), at *11-12). Here, Defendants do not allege that Plaintiff made any false or misleading statement to Defendants, nor can they.

In short, Defendants still do little more than brand Plaintiff a liar and a fraud in open court without a scant worry about the reputational harm that these improvident and heinous allegations create for Plaintiff, a professional CPA, who brought legitimate causes of actions before this Court. Defendants' counterclaim for fraud, even as proposed to be amended, should be dismissed.

### b. Defendants Fail to Allege Fraud by Omission

Under FRCP Rule 9(b), the requirements for alleging omissions are substantially the same as fraud, in that Defendants must "specify the omissions that they contend were fraudulent, identify the person responsible for not disclosing the omissions, state where and when the omissions occurred, and explain why the omissions were fraudulent." *In re Harbinger Capital Partners Funds Inv'r Litig.*, No. 12-cv-1244, 2015 U.S. Dist. LEXIS 40516 at *35, 2015 WL 1439520, at *10 (S.D.N.Y. Mar. 30, 2015).

Here, Defendants make one single allegation, that "between March 20, 2020 and June 15, 2020, Plaintiff "intentionally concealed her failure to perform her duties from her employer and falsely conveyed that she was performing her full-time work duties during her regular work schedule in order to receive payment for time she was not actually working." *See* D's MOL p. 16, citing D's Proposed Amended Counterclaims at ¶¶ 20-22. These allegations are nothing more than legal conclusions that do not meet the burden of heightened specificity require by FRCP 9(b).

Defendants do not specify what actions Plaintiff took to "intentionally conceal" the duties she performed on a day-to-day basis. They also do not allege how showing up for work can also constitute a false conveyance to Defendants.  In other words, according to Defendants, Plaintiff did nothing more than show up to work on to their virtual workplace and failed to perform the amount or type of work that Defendants had expected. This is not actionable as fraud by omission, or any other counterclaim.

Defendants incorrectly rely on *Bullard v. Drug Policy All.*, 2019 U.S. Dist. LEXIS 222854, *14-15 (S.D.N.Y. Dec. 30, 2019) and *Syncora Guar. Inc. v. Alinda Capital Partners LLC*, 2013 N.Y. Misc. LEXIS 2943 (N.Y. Sup. Ct. N.Y. Cty. July 1, 2013). In both of those cases, the defendants had alleged specific actions taken by the plaintiff which constitute the fraud. In *Bullard*,

11

defendant appears to allege that the plaintiff used company money to pay for services that plaintiff knew would harm the reputation of the employer and made specific statements to her employer in order to conceal the payments from her employer. In *Syncora*, plaintiff alleged that it was defrauded when defendant presented a third party to Plaintiff as an independent consultant and concealed the fact that it was routinely paid millions of dollars in undisclosed success fees amounts to a material misrepresentation and omission of fact. *Syncora* at *11. Defendants do not have nearly the same types of allegations here. At best, Defendants here argue that Plaintiff harmed them by showing up for work but not doing any of the type of work expected of her while she was there. These claims do not come close to the allegations in *Bullard* and *Syncora*.

Although not the same causes of action, Defendants' Fraud by Omission counterclaim are based on the same premise as defendants in *Rubio*. In *Rubio*, defendants utilized counterclaims in alternative theories to essentially say that the plaintiff in that case had "intentionally overreported hours…and moreover allege that Plaintiff's misrepresentations as to hours worked "were the direct and proximate cause of the claimed losses." *Rubio*, 2021 U.S. Dist. LEXIS 5588 at *11. Indeed, just like in *Rubio*, Defendants draw a direct link between Plaintiff's alleged misstatements and Defendants' alleged overpayment of wages. *See Id.*. Like Defendants do on Ds' MOL, p.15, the defendants in *Rubio* also rely solely on a purported breach of a fiduciary duty to establish their counterclaim. Just like *Rubio*, Defendants here have not met any of the required elements of fraud by omission to the specificity required by Rule 9(b).

### c. Defendants Fail to Allege Negligent Misrepresentation

Defendants' allegations of negligent misrepresentation are futile for many of the same reasons that Defendants' fraud and fraud by omission counterclaims are futile under FRCP 9(b). Defendants cannot meet their burden without alleging a statement that constitutes a

misrepresentation, and Defendants do not allege what Plaintiff said to Defendants that meets this burden, nor can they. Defendants describe the purported negligent misrepresentation as "through her actions in logging on to Defendants' network, Plaintiff falsely represented that she was performing her full duties, which was relied upon by Defendants." Ds' MOL p. 17.

Defendants cannot meet their burden to allege a negligent misrepresentation solely based on Plaintiff logging on to their internal system at the beginning of the day. Defendants do not allege how Plaintiff's actions were misleading, especially where Defendants allege that logging on their network was a requirement of her employment and the means that employees like Plaintiff showed up to work during the pandemic. Defendants wholly failed to meet their burden and at best allege a dissatisfaction with Plaintiff's job performance. This does not meet their burden and therefore, Defendants' counterclaim for negligent misrepresentation should be dismissed and any request to amend should be denied at futile.

### d. Defendants Fail to Allege Breach of Contract

Defendants fail to plead a breach of contract with the heightened specificity of FRCP 9(b), which is required because their allegations purport to be based upon a "misrepresentation or omissions made with intent to defraud." Defendants demonstrate that their counterclaim is required to meet this burden when they allege "that Plaintiff breached her obligations under the contract when she falsely misrepresented that she was working when she was not, and intentionally concealed her failure to perform her duties." D's MOL pp. 17-18. These allegations are nothing more than legal conclusions and certainly do not rise to the level of specificity required by Rule 9(b). Defendants do not allege what Plaintiff said to "falsely misrepresent" that she was working when she was not. Defendants do not allege what statements demonstrate that Plaintiff "intentionally concealed" her failure to perform her duties. Aside from drawing legal conclusions,

Defendants do not allege any false or misleading statement made by Plaintiff that breached any purported contract.

Further, Defendants do not even cite to any specific provision in the Work From Home Memorandum and Confidentiality Agreement that Plaintiff purportedly breached. Defendants do not demonstrate how they did not have complete notice of Plaintiff's workflow, when Plaintiff worked entirely within their internal computer network and as an accountant for their operations.

As the breach of the contract is plead to have occurred due to a In addition to failing to allege the existence of a contract, the specific terms that were breached, or the actions that constituted breach to the level of specificity required by FRCP 9(b), Defendants further fail to demonstrate any basis to permit Defendants to seek the remedies sought in the insufficient actions alleged in their proposed amended complaint.

### e. Defendants Fail to Allege Unjust Enrichment or Conversion

Defendants fail to state a cause of action for unjust enrichment and conversion to the level of specificity required by Rule 9(b). Here, as with the other counterclaims, Defendants offer nothing more than legal conclusions that merely restate the elements of conversion. (Answer Counterclaim ¶¶31-35). For example, Defendants fatally fail to allege factual allegations that support that they are the legal owner or possessor of an "immediate superior right to possession" of the "income and contributions" –i.e., wages--it alleges that Plaintiff obtained, nor could they. (Answer ¶33). To hold contrary would run counter to every protection afforded under the applicable Federal and State wage and hour laws. Therefore, Defendants failed to state a cause of action for conversion and this counterclaim should be dismissed with prejudice as failing to state a cause of action or because it is futile.

14

Further, to the extent that these two counterclaims (or any other counterclaims for that matter) do not require adherence with FRCP 9(b) because this Court determines that they are not based on allegations of fraud, then these counterclaims should still be dismissed, at minimum, as unlawful wage deductions under New York Labor Law § 193.

**B. To the Extent Any of Defendants' Counterclaims Do Not Purport an Alleged Fraud, Those Counterclaims Should Be Dismissed and Rendered Futile as Unlawful Wage Deductions Under New York Labor Law Section 193**

In their Memorandum of Law, Defendants misstate the protections afforded employees under New York Labor Law § 193 (NYLL §193). Defendants incorrectly argue that the exceptions to the broad protection against unlawful wage deductions in NYLL §193 creates an exception for them in this case because the law "expressly permits employers to make deductions in accordance with law" and that because at least some of their counterclaims are purportedly rooted in fraud, then the claims are not precluded by NYLL § 193. This generalization is inaccurate.

NYLL § 193 states in relevant part as follows:

1. No employer shall make any deduction from the wages of an employee, except deductions which:

   a. are made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency including regulations promulgated under paragraph c and paragraph d of this subdivision; or

   b. are expressly authorized in writing by the employee and are for the benefit of the employee, provided that such authorization is voluntary and only givenfollowing receipt by the employee of written notice of all terms and conditions of the payment and/or its benefits and the details of the manner in which deductionsnwill be made…

The regulation implementing NYLL § 193 at 12 NYCRR § 190-5.1, states in relevant part as follows:

**Section 190-5.1. Deductions and expenses**

(a)     Wages shall not be subject to deductions, except for allowances authorized by this order and deductions authorized or required by law, such as withholding and social security taxes. Prohibited deductions include, but are not limited to:

        (1) deductions for spoilage or breakage;

        (2) deductions for cash shortages or losses; and

        (3) fines or penalties for tardiness, misconduct or quitting without notice.

While it is true that NYLL § 193 bars employers "from making any deduction from employee wages except as required by law or regulation or as authorized by the employee for his or her benefit," *Gortat v. Capala Bros., Inc.,* 585 F. Supp. 2d 372, 375 (E.D.N.Y. 2008), and that fraud is an exception, the conduct alleged here by Defendants does not amount to fraud. As such, the protection against unlawful wage deductions applies to all of Defendants' counterclaims, even those purporting to be rooted in fraud or fraud by omission, because all of Defendants' claims, as alleged, do not amount to fraud.

At best, Defendants seemingly argue that merely calling their dissatisfaction with their employee's performance a "fraud" gives Defendants the right to disregard the protections afforded to employees under NYLL § 193. Ds' MOL p. 19. In fact, the citations in P's MOL, *Cohen* and *Gortat* disagree. In those cases, defendants brought counterclaims against employees that amounted to commentary on the plaintiff's job performance, causing financial harm to the defendant, which the courts found that their counterclaims were not actionable under NYLL §193. *See Cohen v. Stephen Wise Free Synagogue*, No. 95-cv-1659, 1996 U.S. Dist. LEXIS 4240, 1996 WL 159096, at \*3-4 (S.D.N.Y. April 4, 1996) (dismissing counterclaim that alleged that plaintiff's poor work performance constituted breach of contract and stating "although a claim…premised on poor work performance is "not an obvious example of attempted wage deductions . . ., if such claims are not treated as such, the goal of §193, which is to afford strong protection of the wages

of employees, could easily be circumvented."). Thus, "[a]n employer's sole remedy under New York law for an employee's poor performance is termination." *Gortat*, 585 F. Supp. 2d at 376.

Defendants incorrectly attempt to distinguish these cases from their actions by arguing that those employers' claims are rooted in negligence and not fraud. Neither of these cases agree with this distinction, as the courts in both cases are plainly focused on the underlying premise for the counterclaims as opposed to what the counterclaim purports to be. That's because oftentimes, like here, Defendants use the same underlying premise for many different counterclaims and such a distinction would easily circumvent the protections afforded by NYLL §193. This position is supported by other courts that have determined that allegations purporting to be more serious than mere negligence were also barred by NYLL §193. For example, in *Charles H. Greenthal Management Corp. v. Waldes,* No. 653211/2017, 2018 WL 987028, at *1 (N.Y. Sup. Ct. Feb. 16, 2018), the court dismissed under NYLL § 193 an employer's claims that its employee engaged in "a series of reckless, negligent and violative acts and omissions which caused substantial economic damages to the owners of a number of properties."

Defendant incorrectly misstated that Plaintiff "contends that because negligence claims relate to non-performance of work, as opposed to the poor performance, Defendants' Counterclaims are precluded." D's MOL, P. 20. Plaintiff did not make this argument. Plaintiff maintains that it makes no difference whether Defendants' counterclaims are regarding an alleged poor performance or non-performance because "Defendants would still be seeking through these counterclaims to do retroactively what §193 expressly prohibits them from doing: deducting from an employee's wages without authorization and not pursuant to some other law or regulation." *See* P's MOL, p.8, *citing Nowicki v. Toll Brothers, Inc.* 2012 U.S. Dist. LEXIS 887, 2012 WL 14258 *3-6 (E.D.N.Y. 2012). Therefore, Defendant incorrectly quoted and confused the protections

afforded employees under NYLL § 193 and at least that portion of Defendants' argument in D's MOL can be disregarded as not founded in the law and not properly cited to in Plaintiff's motion papers.

To the extent any of Defendants' counterclaims are deemed not be rooted in fraud, those counterclaims should be dismissed as unlawful wage deductions pursuant to NYLL §193.

## **CONCLUSION**

For all the foregoing reasons, Plaintiff requests that this Court grant her motion seeking dismissal of Defendants' Counterclaims and deny Defendants' motion seeking leave to amend their answer, and such other and further relief as this Court deem just and proper.

DATED:  April 5, 2021

<div style="margin-left:40%">

**KOVEL LAW PLLC**
By:  *s/Daniel H. Kovel*_____
Daniel H. Kovel
301 East 79th Street, #18A
New York, New York 10075
Tel: (646) 397-1729
dkovel@kovel-law.com

*Attorneys for Plaintiff*

</div>