UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                       :
ILONA SHAMIS,                                          :
                                                       :
                              Plaintiff,               :
                                                       :          20-CV-7064 (VSB)
                   -against-                            :
                                                       :            **ORDER**
SOLIL MANAGEMENT, LLC et al.,                          :
                                                       :
                              Defendants.              :
                                                       :
------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/19/2021

VERNON S. BRODERICK, United States District Judge:

I am in receipt of the parties' May 18, 2021 letter, in which they represent that the parties

have reached a settlement agreement in principle that they are working to finalize.  (Doc. 37.)  In

the letter, the parties represent that they will submit a stipulation of dismissal with prejudice

pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) once the agreement is finalized, and

they request that I stay this case and adjourn all deadlines and conferences.  (*Id.*)

Parties may not privately settle FLSA claims with prejudice absent the approval of the

district court or the Department of Labor.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d

199, 200 (2d Cir. 2015).  As such, I cannot grant the Rule 41 stipulation of dismissal that the

parties contemplate in their letter.

Rather, the parties must satisfy this Court that their settlement is "fair and reasonable."

*Velasquez v. SAFI-G, Inc.*, No. 15cv3068, 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015).  In

order to determine whether an agreement is fair and reasonable under the FLSA, I must:

> consider the totality of circumstances, including but not limited to the
> following [5] factors:  (1) the plaintiff's range of possible recovery; (2)
> the extent to which 'the settlement will enable the parties to avoid
> anticipated burdens and expenses in establishing their respective claims
> and defenses; (3) the seriousness of the litigation risks faced by the
> parties; (4) whether 'the settlement agreement is the product of arm's

length bargaining between experienced counsel'; and (5) the possibility
of fraud or collusion.

*Beckert v. Rubinov*, No. 15 Civ.1951(PAE), 2015 WL 6503832, at *1 (S.D.N.Y. Oct. 27, 2015)

(quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).  And, if the

settlement agreement includes a provision for attorney's fees, I must "separately assess the

reasonableness of plaintiffs, attorney's fees."  *Lliguichuzcha v. Cinema 60, LLC*, 948 F. Supp. 2d

'362, 366 (S.D.N.Y. 2013).  In order to aid in this determination, "counsel must submit evidence

providing a factual basis for the [attorney's fees] award."  *Beckert*, 2015 WL 6503832, at *2.

The parties should also be aware of my position that, "absent further clarity from the

Second Circuit," I generally require *Cheeks* review also for "dismissals without prejudice."  *King*

*v. Fedcap Rehab. Servs., Inc.*, No. 20-cv-1784 (VSB), 2021 WL 1725703, at *1 (S.D.N.Y. Mar.

4, 2021).

Accordingly, it is hereby:

ORDERED that the parties' motion to stay this case and adjourn all existing deadlines

and conferences is GRANTED.

IT IS FURTHER ORDERED that, on or before July 19, 2021, the parties provide this

Court with the terms of the settlement in order to ensure that, in compliance with the FLSA, they

are fair and reflect a reasonable compromise of disputed issues.

IT IS FURTHER ORDERED that, along with the terms of the settlement, the parties shall

provide this court with a joint letter of no more than five (5) pages explaining why they believe

the settlement reflects a fair and reasonable compromise of disputed issues.  Such letter should

include, but need not be limited to, information concerning the five (5) factors identified in

*Beckert*.

IT IS FURTHER ORDERED that, if the agreement includes a provision for attorney's

fees, the parties submit evidence providing a factual basis for the attorney's fees award.  Such

basis should include "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Lopez v. Nights of Cabiria*, *LLC*, No. 14–cv–1274 (LAK), 2015 WL 1455689, at *7 (S.D.N.Y. March 30, 2015).

SO ORDERED.

Dated:    May 19, 2021
          New York, New York

_____
VERNON S. BRODERICK
United States District Judge